UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

**Cory Driscoll**
215 McDaniels St.,
#607
Dayton, OH 45405

    Plaintiff

v.

**Montgomery County Board of
County Commissioners
451 W. Third St.
Dayton, OH 45422**

and

**Montgomery County Sheriff's Office**
345 West Second Street
Dayton, Ohio 45422

and

**Montgomery County Sheriff Rob
Streck, in his official and personal
capacity,**
345 West Second Street
Dayton, Ohio 45422

and

**Deputy Jennifer L. Smiley, in her
official and personal capacity**
345 West Second Street
Dayton, Ohio 45422

    Defendants.

Case No. 3:22-cv-287

(Judge_____)

[RE-FILED CASE;

ORIGINAL CASE # 3:21-CV-0155]

**COMPLAINT**

1

1. The Plaintiff, Cory Driscoll ("Driscoll"), at all times relevant has been a resident of Montgomery County, Ohio.

2. The Montgomery County Sheriff's Office ("MCSO"), and the Sheriff, is an elective office representing, and funded by, Montgomery County, Ohio and is responsible for the policies and procedures of the Office and the training, supervision, discipline, and monitoring of the deputies it employs.

3. Montgomery County Sheriff Rob Streck ("Streck") is the elected Sheriff of Montgomery County, Ohio and is sued in his official and individual capacity

4. The Montgomery County Board of County commissioners ("County") have supervision and control over the Montgomery County Sheriff's Office by virtue of its funding and other supervisory activities and is responsible for the policies and procedures of the Office and the training, supervision, discipline, and monitoring of the deputies it employs.

5. This claim was originally filed in this Court on June 8, 2021, in case no. 3:21-cv-0155. The same was voluntarily dismissed without prejudice upon stipulation of the parties on October 2, 2021.

6. At all times relevant to the complaint, Jennifer L. Smiley ("Smiley") was a duly sworn and licensed deputy of the Montgomery County Sheriff's office acting under color of law and within the scope of her employment. She is sued in her official and individual capacity.

7. Driscoll has been diagnosed as suffering from schizophrenia and/or schizoaffective disorder, and is treated with medication which helps mitigate his symptoms. At the time of the incident described herein, he was compliant with his prescribed treatment program.

8. Driscoll is an African-American man, and at the time of the events described herein was 30 years old.

9. On May 10, 2021, Driscoll was sitting in the driver's seat of his motor vehicle, parked at Possum Creek Metropark on Frytown Rd., Montgomery, Ohio.

10. While Driscoll was sitting alone in his car, he was reading the Bible, praying, and engaging in religious practice including speaking in tongues. He spoke aloud, occasionally at high volumes.

11. During this time, some strangers who were also visiting the park observed Driscoll in his car, heard him speaking, and called the MCSO out of concern for his well-being. The callers had first approached Driscoll and asked if he was ok, but he did not respond. The 911 callers reported to MCSO that Driscoll needed help.

12. MCSO dispatched and officer in response to the call.

13. Unaware that anyone had called law enforcement, Driscoll got out of his car and walked down a public trail to a pond in a public area of the park and gathered some water in a jug.

14. Driscoll then returned from the pond to the parking lot where his car was parked, by which time Defendant Smiley had arrived on the scene.

15. A witness to the incident then began recording the events on a mobile phone.

16. Although he was by himself, as he approached the parking lot, Driscoll continued to speak aloud. As he walked toward his car, he appeared to be having an episode, as his speech and physical demeanor were indicative of symptoms of his schizophrenia, and he spoke loudly in unintelligible phrases.

17. As he walked from the trail toward his car in the parking lot, Driscoll drank repeatedly from the jug of water that he had drawn from the pond.

18. Driscoll was unarmed, dressed in jeans and a sweater.

19. As he approached his car, Driscoll was confronted by Smiley, who shouted at Driscoll, directing him to stop and to get on the ground. As she approached Driscoll, Smiley placed her hand on her gun, readying to draw it.

20. Smiley positioned herself in between Driscoll and his car, such that Driscoll could not freely leave the park except by walking toward Smiley in order to reach his car.

21. Smiley engaged Driscoll in an interaction that lasted, in total, about three minutes.

22. Driscoll stopped when confronted by Smiley, and continued to drink from the water jug, and then dropped the jug on the ground.

23. Driscoll kept his hands plainly visible, lifted out to both sides, except at times to hold and drink from the water jug. He made no gesture that suggested that he carried any weapon.

24. As Smiley shouted at Driscoll, he became visibly agitated. He spoke back to her in unintelligible phrases. As Smiley's shouts grew louder, Driscoll also spoke at higher volumes.

25. Driscoll drank repeatedly from the water jug during the interaction with Smiley.

26. As Smiley shouted at Driscoll, Driscoll walked in the direction toward Smiley and

    Driscoll's car. When he did, Smiley drew her gun and aimed it at Driscoll, thereafter keeping the gun pointed at all times toward Driscoll's chest.

27. Smiley was also armed with less lethal weapons, including a taser and a baton. She did not engage with or deploy either.

28. Driscoll stopped and walked back, picked up the water and drank again.

29. As the interaction continued, Smiley shouted at Driscoll that she would shoot him if he did not comply.

30. During this interaction, Smiley communicated repeatedly with someone at MCSO through her shoulder mounted radio.

31. At one point, in apparent response to shouts by Smiley, Driscoll again walked in the direction of his car and Smiley.

32. As Driscoll approached, Smiley fired a single shot and hit Driscoll in the abdomen. Driscoll collapsed and fell to the ground.

33. Other MCSO officers arrived soon thereafter, and handcuffed Driscoll as he lay on the ground semi-conscious and bleeding.

34. Driscoll survived the gunshot, he required extensive medical care and suffered significant and permanent injuries.

## COUNT I

35. Driscoll incorporates the foregoing allegations by reference as if the same were fully set forth herein.

36. Defendant Smiley used objectively unreasonable and excessive force in the shooting, detention and arrest of Driscoll.

37. Defendants Smiley, MCSO, Streck and County, under color of state law, deprived Driscoll of rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the U.S. Constitution, including but not limited to the right to be free from unreasonable seizure, excessive force, and violations of substantive due process. The actions of Defendants Smiley, MCSO, Streck and County reflect an unreasonable and arbitrary abuse of government power and infliction of excessive force, which shocks the conscience of the community.

38. The acts of Defendants Smiley, MCSO, Streck and County violated the Plaintiffs right to be free from unreasonable seizure and excessive force in violation of the

fourth amendment, enforceable through 42 USC§ 1983.

39. As a direct and proximate result of the actions of Defendants Smiley, MCSO, Streck and County, Driscoll sustained injuries and damages as follows:

   a. Severe and permanent injuries;

   b. Great pain and suffering, both physical and emotional, and loss of ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;

   c. Reasonable and necessary medical expenses in an amount not yet determined, as well as further medical expenses to be incurred in the future;

   e. Loss of wages and earnings in an amount not yet determined;

   f. Miscellaneous out of pocket expenses and property damage in an amount not yet determined.

**WHEREFORE,** the Plaintiff Cory Driscoll seeks judgment against Defendants Smiley, MCSO, Streck and County in an amount in excess of $25,000 compensatory and punitive damages, plus attorney fees and costs.

## COUNT II

40. Driscoll incorporates the foregoing allegations by reference as if the same were fully set forth herein.

41. Defendants Smiley, MCSO, Streck and County, under color of state law, deprived Driscoll of rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the U.S. Constitution, including but not limited to the right to be free from unreasonable seizures of his person, and violations of substantive due process. The actions of Defendants Smiley, MCSO, Streck and County reflect an unreasonable and arbitrary abuse of government power and seizure in violation of Driscoll's constitutional rights, which shocks the conscience of the community.

42. By shooting Driscoll, Defendants Smiley, MCSO, Streck and County violated Driscoll's right to be free of unreasonable seizure of his person.

43. The act of shooting a citizen constitutes an "seizure" under the Fourth and Fourteenth

Amendments of the United States Constitution. *See Torres v. Madrid*, 141 S.Ct. 989 (2021); California v. Hodari D, 499 U.S. 621 (1991).

44. Defendants Smiley, MCSO, Streck and County acted under color of law.

45. The injuries suffered by Driscoll were proximately caused by the actions of Defendants Smiley, MCSO, Streck and County.

**WHEREFORE**, the Plaintiff Cory Driscoll seeks judgment against Defendants Smiley, MCSO, Streck and County in an amount in excess of $25,000 compensatory and punitive damages, plus attorney fees and costs.

## COUNT III

46. Driscoll incorporates the foregoing allegations by reference as if the same were fully set forth herein.

47. Deputy Jennifer L. Smiley seized Driscoll without probable cause to believe that he engaged in unlawful conduct.

48. The acts of Deputy Jennifer L. Smiley violated the Plaintiffs right to religious freedom and freedom of expression in violation of the First Amendment, enforceable through 42 USC§ 1983.

**WHEREFORE,** the Plaintiff Cory Driscoll seeks judgment against Defendants Smiley, MCSO, Streck and County in an amount in excess of $25,000 compensatory and punitive damages, plus attorney fees and costs.

## COUNT IV

49. Driscoll incorporates the foregoing allegations by reference as if the same were fully set forth herein.

50. The need for adequate training, supervision, monitoring, and discipline of officers in basic Constitutional principles and rights of citizens is obvious in light of the scope of duties assigned to MCSO officers. Inadequacy of training, supervision, monitoring, and discipline with respect to Constitutional rights is likely to result in violations of the rights of its citizens, such that the failure of the City to provide such training, supervision, monitoring, and discipline demonstrates deliberate indifference by Defendants MCSO, Streck and County to this need.

51. Subjects on which the needs for training, supervision, monitoring, and discipline are obvious include: the citizen's right to be free from unreasonable seizures of the person; the citizen's right to be free from excessive force employed by police officers.

52. Defendants MCSO, Streck and County have a history of failing to adequately train, supervise, monitor, and discipline its officers, which has resulted in repeated violations of the Constitutional rights of citizens, including Driscoll.

53. To the extent that Defendants MCSO, Streck and County do have formal policies which purport to provide basic protection of the Constitutional rights of its citizens, Defendants MCSO, Streck and County have engaged in a practice of acquiescence to violations of those policies by failing to adequately discipline its officers for violations, failing to supervise, train and monitor to prevent such violations.

54. The failure by Defendants MCSO, Streck and County to adequately train, supervise, monitor, and discipline officers for violations of constitutional rights is widespread, longstanding, and well-settled, such that it constitutes a custom and usage with the effective force of law.

55. The failure by Defendants MCSO, Streck and County to adequately train and supervise its officers proximately caused the violation of Driscoll right to be free from unlawful seizures.

56. The failure by Defendants MCSO, Streck and County to adequately train and supervise their officers proximately caused the violation of Driscoll right to be free from excessive force.

57. Defendants MCSO, and County are liable for the actions of their Officers to the extent that the same were carried out in the course of their duties.

**WHEREFORE,** the Plaintiff Cory Driscoll seeks judgment against Defendants Montgomery County Sheriff's office, Montgomery County Sheriff Rob Streck, and the Montgomery County Board of County Commissioners, jointly and severally, in excess of $25,000 compensatory and punitive damages, plus attorney fees and costs.

## COUNT V

58. Driscoll incorporates the foregoing allegations by reference as if the same were fully set forth

59. Defendants MCSO, Streck and County have implemented or executed policies or adopted widespread practices as custom with the force of law, all of which govern the conduct of its police officers.

60. Defendants MCSO, Streck and County have adopted such policies, practices or customs in connection with use of force.

61. The execution of these policies and customs proximately caused the violation of Driscoll's right to be free from excessive force.

62. The execution of these policies and customs proximately caused the violation of Driscoll's right to be free from unreasonable seizures of his person.

63. During all times relevant to this action, Defendants MCSO, Streck and County enacted and pursued policies and procedures which related to the training, supervision, and retention of Defendant Smiley. These policies and procedures were enacted and pursued with full knowledge that the Constitutional violations pleaded herein were a foreseeable result. Defendants MCSO, Streck and County further ratified the actions of Defendant Smiley.

64. Defendants MCSO, Streck and County acted with deliberate indifference, with wanton and willful disregard, recklessly, and/or intentionally.

65. The policies and procedures of the Defendants MCSO, Streck and County were the proximate cause of the deprivation of Driscoll's constitutional rights

66. The training and execution by Defendants MCSO, Streck and County in and of the policies for use of force is responsible for violation of the Constitutional rights of Driscoll, among others.

67. Defendants MCSO, Streck and County are liable for the actions of its Officers to the extent that the same were carried out in the course of their duties.

**WHEREFORE**, the Plaintiff Cory Driscoll seeks judgment against Defendants Montgomery County Sheriff's office, Montgomery County Sheriff Rob Streck, and the Montgomery County Board of County Commissioners, jointly and severally, in excess of $25,000 compensatory and punitive damages, plus attorney fees and costs.

## COUNT VI

68. Driscoll incorporates the foregoing allegations by reference as if the same were fully set forth herein.

69. Deputy Jennifer L. Smiley detained and arrested the Plaintiff without reasonable suspicion or probable cause, constituting false arrest.

70. The aforesaid acts of Deputy Jennifer L. Smiley were taken within the scope of her employment by the Montgomery County Sheriff's office.

71. The unlawful acts of Deputy Jennifer L. Smiley were the direct, proximate cause of the Plaintiffs injuries.

**WHEREFORE**, the Plaintiff Cory Driscoll seeks judgment against Defendants Jennifer L. Smiley, Montgomery County Sheriff's office, Montgomery County Sheriff Rob Streck, and

the Montgomery County Board of County Commissioners, jointly and severally, in excess of $25,000 compensatory and punitive damages, plus attorney fees and costs.

### COUNT VII

72. Driscoll incorporates the foregoing allegations by reference as if the same were fully set forth herein.

73. By her words and acts, Defendant Smiley threatened to do bodily harm to the Plaintiff.

74. By using excessive and unreasonable force and the threat of the same, Defendant Smiley intentionally and/or recklessly caused harmful or offensive bodily contact with the Plaintiff.

75. The aforesaid acts were unprivileged and constituted battery.

76. The aforesaid acts of Defendant Smiley were taken within the scope of her employment by the Montgomery County Sheriff's office, Sheriff Rob Streck, and the Montgomery County Board of County commissioners.

77. The unlawful acts of the Defendant Smiley were the direct, proximate result of Plaintiffs injuries.

**WHEREFORE**, the Plaintiff Cory Driscoll seeks judgment against Defendants Jennifer L. Smiley, Montgomery County Sheriff's office, Montgomery County Sheriff Rob Streck, and the Montgomery County Board of County Commissioners, jointly and severally, in excess of $25,000 compensatory and punitive damages, plus attorney fees and costs.

### COUNT VIII

78. Driscoll incorporates the foregoing allegations by reference as if the same were fully set forth herein.

79. The conduct of Defendant Smiley was extreme and outrageous, and/or reckless, and it was intended to cause, or recklessly did cause the Plaintiff severe emotional distress.

80. The aforesaid acts of Defendant Smiley were taken within the scope of her employment by the Montgomery County Sheriff's office, Sheriff Rob Streck, and the Montgomery County Board of County commissioners.

81. The unlawful acts of the Defendant Smiley were the direct, proximate result of Plaintiffs injuries.

**WHEREFORE,** the Plaintiff Cory Driscoll seeks judgment against Defendants Jennifer L. Smiley, Montgomery County Sheriff's office, Montgomery County Sheriff Rob Streck, and the Montgomery County Board of County Commissioners, jointly and severally, in excess of $25,000 compensatory and punitive damages, plus attorney fees and costs.

Respectfully submitted,

*/s/ J. Robert Linneman*
J. Robert Linneman (0073846)
H. Louis Sirkin (0024573)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, OH 45202
(513) 721-4450
jrl@santenhughes.com
*Attorneys for Plaintiff Cory Driscoll*

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

*/s/ J. Robert Linneman*
J. Robert Linneman

692753.2